Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | Susan E. Cox |
|---|---|---|---|
| **CASE NUMBER** | 10 C 261 | **DATE** | 4/18/2011 |
| **CASE TITLE** | Victoria Labanauskaite vs. Tyrone L. Stewart, et al | | |

**DOCKET ENTRY TEXT**

Defendants' motion to compel plaintiff to appear for a physical examination, pursuant to Federal Rule of Civil Procedure 35, is denied [dkt. 29]. Defendants failed to demonstrate the "good cause" element required by Rule 35. In light of this finding, defendants' sealed motion to supplement [dkt. 36] is mooted. No appearance necessary on 4/19/11. Status hearing set for 4/19/11 at 9:30 a.m is stricken and re-set to 5/2/11 at 9:30 a.m.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

    Before the Court is defendants' motion to compel plaintiff to appear for a physical examination, pursuant to Federal Rule of Civil Procedure 35 [dkt. 29]. At a status on March 1, 2011, the Court granted defendant leave to supplement the motion with the necessary supporting information, such as the physician report and affidavit. Defendants have since filed their supplemental brief, with the physician's report and his affidavit attached, but again have failed to support their motion with specifics, such as the "time, place, manner, [and ]conditions... of the examination."[1] Defendants also fail to demonstrate the "good cause" element required by Rule 35.

    When the physical condition of a party is in controversy, such as here, Rule 35(a) gives the court the authority to order a party to submit to an examination.[2] The party seeking the examination, however, must show that there is good cause for the examination and that the condition being examined is genuinely in controversy.[3] To meet the good cause requirement, the moving party must show more than conclusory allegations of the pleadings and the "ability of the movant to obtain the desired information by other means is also relevant."[4]

    Putting aside the lack of specifics that are required according to the Rule,[5] we are more troubled by defendants failure to show "good cause" for the examination. The physician that defendants selected as their independent examiner, David Spencer, M.D., has already concluded that "this lady was involved in the traffic accident as documented" but in his opinion her injuries "were not caused by the traffic accident and had she had the MRI scan and the discogram prior to the traffic accident, the results would have been exactly the same."[6] There is no indication that he needs an examination of her in order to form an opinion: he already did. Yet defendants assert that to effectively defend this case and avoid prejudice, they require plaintiff to submit to this independent examination. But our review of defendants' submissions quite plainly show that Dr. Spencer already made his determination, which he based on records from her previous examinations. He makes no comment regarding the need to see plaintiff. In his letter to counsel, he simply states that if permitted to examine plaintiff, he will provide "[a] focused lumbar spine orthopedic and neurologic examination that does not require the patient

| STATEMENT |
|---|
| to disrobe."[7] Nowhere does he state that this in person examination would be necessary, or even helpful.<br>     As a final point, as noted by plaintiff, defendants also do not claim that the discovery thus far has been insufficient for Dr. Spencer to reach an opinion (which is of course evidenced by the fact that he already opined on her condition). Without more, we cannot find that defendants have shown good cause for a Rule 35 examination. Their motion is, therefore, denied [dkt. 29]. |

1. Fed.R.Civ.P. 35(a) (defendants thereafter filed a motion to supplement, which include the specifics of time and place, *see* dkt. 36).

2. *Id.*

3. *Id.*

4. *Schlagenhaug v. Holder,* 379 U.S. 104, 118 (1964).

5. *See Meadows v. Home Depot USA, Inc.,* 01-2005-CM, 2002 WL 70364, *2 (D. Kan. Jan. 7, 2002)(leaving specifics as to manner, conditions and location for the parties to work out).

6. Def's Supplement in Support, Exh. B, dkt. 36.

7. Def's Supplement in Support, Exh. B, dkt. 36.